**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RAFAEL ALVES SILVEIRA,<br>Petitioner,<br>v.<br>WARDEN, DELANEY HALL DETENTION CENTER,<br>Respondent. | Civil Action No. 26-9780 (JXN)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is Petitioner Rafael Alves Silveira's ("Petitioner") Third Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention. (ECF No. 1.) Respondents ("Government") filed a response (ECF No. 11) and provided the Court with Petitioner's medical records (ECF No. 13). Petitioner replied. (ECF No. 16.) The Court considered the parties' submissions and decides the Third Petition without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Petitioner's Third Petition is **DENIED**.

## I. BACKGROUND

Petitioner, a Brazilian citizen, entered the United States without inspection on an unknown date. *See Alves Silveira v. Noem* (*Alves Silveira I*), No. 26-2862, 2026 WL 1091113, at *1 (D.N.J. Apr. 22, 2026). On March 7, 2026, the Newark Police Department arrested Petitioner for simple assault and terroristic threats in connection with a domestic violence incident. *Id.* Two days later, Immigration Customs and Enforcement ("ICE") agents arrested Petitioner. *Id.* The Government

did not give Petitioner an individualized bond hearing because he was purportedly held in mandatory detention under 8 U.S.C. § 1225(b)(2). *Id.*

On March 19, 2026. Petitioner filed his first habeas petition, challenging the legality of his detention under 8 U.S.C. § 1225(b)(2). *Id.* On April 22, 2026, the Court granted Petitioner's first petition and ordered Respondents to treat Petitioner as detained under 8 U.S.C. § 1226(a) and provide him with an individualized bond hearing on or before April 29, 2026. *Id.*

On April 27, 2026, Petitioner received an individualized bond hearing before an Immigration Judge ("IJ") pursuant to 8 U.S.C. § 1226(a). *See Alves Silveira v. Soto* (*Alves Silviera II*), No. 26-7835, 2026 WL 2111350, at *1 (D.N.J. July 22, 2026). The IJ denied Petitioner bond, finding he failed to meet his burden of showing he is not a danger to the community. *Id.*

On June 26, 2026, Petitioner filed a second habeas petition, arguing his domestic violence charges had been dismissed and expunged from his criminal record, rendering his continued detention unjustified. *Id.* at *2. On July 22, 2026, the Court issued a denied the second petition without prejudice, finding Petitioner did not exhaust his administrative remedies, as he could appeal the IJ's decision to the Board of Immigration Appeals ("BIA"). *Id.*

Less than two weeks later, on August 1, 2026, Petitioner filed his Third Petition. (Third Pet., ECF No. 1.) Petitioner argues his continued detention violates his Fifth Amendment due process rights and is causing irreparable harm based on his newly raised medical claims. (*See generally id.*) The Government filed a response (Gov't Opp'n, ECF No. 11; Pet.'s Med. Records, ECF No. 13), and Petitioner replied (Pet. Reply, ECF No. 16).

## II. <u>LEGAL STANDARD</u>

Under 28 U.S.C. § 2241(c)(3), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." A federal

court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." *Id.*; *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Petitioner has the burden of showing he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. DISCUSSION

Petitioner is detained under 8 U.S.C. § 1226(a). (*See* Gov't Opp'n.) 8 U.S.C. § 1226(a) authorizes the Government to detain, conditionally parole, or release a non-citizen pending their removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018); *see also Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026) ("Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)."); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)). Creating "statutory rights associated with a given immigration status falls exclusively within the purview of Congress." *Osorio-Martinez v. Att'y Gen. U.S.*, 893 F.3d 153, 172 (3d Cir. 2018). § 1226 and its implementing regulations require the Government to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). As such, where the Government chooses to detain an non-citizen, the non-citizen may request a bond hearing before an IJ, and to appeal the IJ's decision to the Board of Immigration Appeals ("BIA"). *See, e.g.*, *Borbot*, 906 F.3d at 278–79; 8 C.F.R. § 1236.1(d)(1) (non-citizens detained under § 1226(a) "may, at any time before [a removal order] becomes final" request a bond hearing before an IJ). At a bond hearing, the non-citizen has

the burden of proving he is neither a danger to the community nor a flight risk. *Borbot*, 906 F.3d at 279.

Petitioner first claims his continued detention violates his due process rights, serves no legitimate governmental purpose, and is arbitrary and unreasonable. (Third Pet. at 4–6.)

As noted above, Petitioner has been detained since March 19, 2026. He received a bond hearing on April 27, 2026, where the IJ denied Petitioner bond, finding that he failed to meet his burden of establishing that he is not a danger to the community *See Alves Silveira II*, 2026 WL 2111350, at *1. On August 11, 2026, Petitioner was afforded a second custody redetermination hearing. (*See* IJ Order, ECF No. 11-1.) The IJ again denied Petitioner bond due to "serious allegations of physical violence against [Petitioner's] former partner, death threats, and that the police report indicate[d] that [Petitioner] threated to blackmail the victim and discouraged the witness from calling the police." (*Id.*)

Petitioner argues that his detention has become unduly prolonged, in violation of his due process rights. The Court disagrees. Though Petitioner has been detained for nearly seven months, duration alone cannot "sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations." *Borbot*, 906 F.3d at 277. Unlike § 1226(c) detainess, "who were detained for prolonged periods without being given any opportunity to apply for release on bond," § 1226(a) detainess are granted "meaningful process" of a bond hearing "prior to filing [a] habeas petition." *Id.* at 278–79.

To be sure, the Third Circuit "recognized the concern that, despite an initial bond hearing, detention under § 1226(a) might become unreasonably prolonged and may warrant relief beyond the bond hearing provided by the statute and its implementing regulations." *Chinoso Onuwa v. Field Off. Dir.*, No. 26-2403, 2026 WL 772435, at *2 (D.N.J. Mar. 19, 2026) (cleaned up) (citing

*Borbot*, 906 F.3d at 280). But the Third Circuit did not decide what those circumstances may be. *Id*; *see also Borbot*, 906 F.3d at 280 ("We therefore need not decide when, if ever, the Due Process Clause might entitle an alien detained under § 1226(a) to a new bond hearing in order to conclude that Borbot's due process rights were not violated.").

"Here, [p]etitioner has been detained for significantly less time than the petitioner in *Borbot*, who had been detained for two years before filing his petition. He also had a bond hearing a few months ago. Petitioner's 'relatively brief detention since that date without a bond hearing does not violate his due process rights.'" *Guillen v. Soto*, No. 26-3285, 2026 WL 1005326, at *3 (D.N.J. Apr. 14, 2026) (quoting *Viantsko v. Lowe*, No. 26-563, 2026 WL 963038, at *4 (M.D. Pa. Apr. 9, 2026)). Moreover, Petitioner's BIA appeal is still pending, and he may request a custody redetermination from the immigration courts upon a showing of changed circumstances. 8 C.F.R. § 1003.19(e). Accordingly, Petitioner's detention is not unduly prolonged at this time.

Petitioner next raises a conditions-of-confinement claim regarding his medical care, arguing that his "continued detention causes irreparable harm." (Third Pet. at 6–7.) Petitioner claims he "fears his medical condition will continue to worsen without timely evaluation and appropriate medical treatment." (*Id.* at 7.) Petitioner further claims he is experiencing "prolonged constipation, stomach and gastrointestinal problems, and numbness affecting his legs and feet." (Pet. Reply at 7–8.) In its response, the Government argues Petitioner fails to establish that circumstances regarding his medical condition are so "extreme" or "extraordinary" as to warrant habeas relief, nor do the medical records show any medical neglect. (Gov't Opp'n at 4–5; ECF No. 13 at 1.)

In *Hope v. Warden York County Prison*, the Third Circuit held that, in "extraordinary circumstances," detainees may use a habeas petition to seek release based on unconstitutional

conditions of confinement. 972 F.3d 310, 323–25 (3d Cir. 2020). *Hope* involved civil immigration detainees facing acute and imminent medical risk during the COVID-19 pandemic. *Id.* at 317. The Third Circuit determined the conditions at issue were so "highly unusual and unique," *id.* at 330, that a habeas petition was "the only available avenue of relief," *id.* at 324.

Crucially, however, *Hope* did not address whether less serious conditions—those not presenting the kind of existential threat confronted during an uncontrolled pandemic—could support a habeas claim. *Id.* at 325 n.5. Subsequent decisions have emphasized the "extraordinary" and fact-specific nature of *Hope*, limiting its reach. *See, e.g.*, *Perri v. Warden FCI Fort Dix*, No. 23-1451, 2024 WL 3633567, at *2 (3d Cir. Aug. 2, 2024) (declining to extend *Hope* and noting "extraordinary circumstances" present during the early COVID-19 pandemic were "no longer present."). Accordingly, a "conditions-of-confinement claim is cognizable in § 2241 proceedings '*only in extreme cases*.'" *Folk v. Warden Schuylkill FCI*, No. 23-1935, 2023 WL 5426740, at *1 (3d Cir. Aug. 23, 2023) (quoting *Hope*, 972 F.3d at 324.)

Here, Petitioner argues he has severe constipation and is experiencing rectal bleeding. (*See* Pet.'s Reply at 7–8.) Having reviewed the medical records supplied by the Government, the Court finds Petitioner's medical condition does not reach the kind of "extraordinary circumstances" at issue in *Hope*. Petitioner's records show he has been seen consistently by the medical staff at Delaney Hall Detention Center. (*See generally* Pet.'s Med Records.) Among other things, Petitioner has described to the medical staff symptoms of bleeding due to hemorrhoids and constipation. (*See id.*) Petitioner has been prescribed various medications, including Colace, Metamucil, Preparation H, Docusate Sodium, Ensure, and Fish Oil. (*See id.* at 2–5.) Petitioner has had a therapeutic gluten-free diet ordered and various labs have been performed. (*Id.* at 5–6, 75.) As Petitioner has been receiving consistent care for his constipation and hemorrhoids, the Court

finds Petitioner has not presented an extreme case or extraordinary circumstances warranting habeas relief of release at this time. *See Hope*, 972 F.3d at 329 (noting that "'mere disagreement' as to the response to the risk to Petitioner[ ] in light of their medical condition will not support constitutional infringement." (citation omitted)).

**IV. <u>CONCLUSION</u>**

For the reasons set forth above, the Third Petition (ECF No. 1) is **DISMISSED without prejudice**. An appropriate Order accompanies this Opinion.

**DATED: 10/6/2026**

**JULIEN XAVIER NEALS**
**United States District Judge**